### HECLA IRON WORKS v. MILLIKEN et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

SALE—ACCEPTANCE—RECOVERY.

> Defendants ordered of plaintiffs the iron work for a building they were constructing, at a certain price per pound, stating that, in buying it by the pound, they wished it understood "that the weight thereof was to be cut down as much as possible for all work that was not constructional"; that they understood plaintiffs would "furnish said work ¼ inches thick, except for the wash of the cornice, which will be ⅜ inches thick"; also that plaintiffs would submit "drawings and templets before executing the work, in order for us to pass on the thickness of the metal." *Held*, that there was no absolute agreement to keep the work, other than structural, down to the ¼ and ⅜ inch thicknesses; hence, though some of the castings might have been lighter if greater care had been exercised in making them, yet, where the work was accepted without serious objection, and no fraudulent overweight was shown, plaintiffs were entitled to recover for the number of pounds furnished.

Appeal from special term, New York county.

Action by the Hecla Iron Works against Edward F. Milliken and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Hill, for appellants.
Nathaniel S. Smith, for respondent.

HIRSCHBERG, J. This case is presented in about 60 pages of printed briefs, without the citation of an authority. It presents a mere question of fact, which the learned trial justice decided in favor of the plaintiff, and it cannot be said that he did so without evidence to support his conclusion. The defendants Milliken, having a contract to construct the Siegel-Cooper Building in Manhattan, gave the plaintiff's assignors an order to furnish and erect, at 4.65 cents per pound, the cast-iron piece for support of the sidewalk where the brickwork occurs, and the cast-iron front work for the Eighteenth and Nineteenth street sides of the building below the cornice line, to include the panel work, the mullions, the ornamentation on the columns, the caps for the columns, the ornamental part of the cast-iron columns at the show-window fronts, and also the entire cast-iron cornice at the second-tier level all around the building. In the order the Millikens stated, to quote the language:

"As we have explained to you, we wish the drawings and full-size details of the architects followed. In buying this work by the pound, we wish it

understood that the weight of the material is to be kept down as much as possible for all work that is not 'constructional.' We understand you will furnish said work ¼ inches thick, except for the wash of the cornice, which will be ⅜ inches thick."

And again:

"We understand that you will submit us your drawings and templets before executing the work, in order for us to pass on the thickness of the metal."

The shipping directions marked on the order are, "Siegel-Cooper Building, 18th and 19th Sts. & Sixth Avenue, New York City." The order is dated August 31, 1895. The plaintiff's assignors did the work, making and erecting all the castings, and shipping them to the building in 40-odd shipments, commencing in the middle of October, 1895, and ending the latter part of May, 1896. They charged for 218,148 pounds of iron, and there is no reason to doubt they furnished it. But the defendants Milliken claim that, if it had all been made just ¼ inches thick, excepting the wash of the cornice, and the latter just ⅜ inches thick, the weight would only have been 164,953 pounds, and their liability for the difference at the agreed price was the question chiefly contested on the trial.

The limitation as to thickness relates, I think, solely to ornamental work, and it is impossible to determine from the record just how much of the work was ornamental and how much "constructional"; that is burden-bearing. But I do not think there is any absolute agreement to keep the ornamental work down to the ¼-inch and ⅜-inch thicknesses. The work is to be as light "as possible for all work that is not constructional," with the designated thicknesses as a standard, rather than as the maximum. This view is supported by the subsequent provision in the order, made to enable the Millikens, by an inspection of the drawings, etc., to pass on the thickness of the metal before the execution of the work. If this does not mean that there was some discretion to be exercised as to the thickness, it is difficult to define its purpose. Certainly there would be no need of the provision if the metal was to be precisely a quarter inch thick everywhere but in the cornice, and three-eighths there. Mr. Foster Milliken, the defendant in charge, was invited to come to the shop and examine the work, patterns, etc., either during the progress of the work or before it was commenced, but he did not go. The defendants, however, had the weight of the work on each shipping bill, and Mr. Milliken was at the building all the time, examined all the material, knew perfectly well its weight and thickness, and allowed it all to be used in the building without any really serious objection. He undoubtedly did find some fault at the start, but the amount of objection, and the extent to which he was satisfied by explanation, depend upon whether he is believed or the foreman of the plaintiff's assignors.

Under all the circumstances, the learned trial justice was entitled to conclude that there was no fraudulent overweight, certainly nothing which necessarily indicated a deliberate excess for the purpose of swindling; and while it is quite likely that some of the castings would have answered the purpose if made lighter, and might

have been made lighter if greater skill had been exercised and more trouble taken, yet, as the work was done to the satisfaction of the owners and architects, and was all done and performed as charged for, I recommend affirmance.

Judgment affirmed, with costs. All concur.